UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VLAD POWER, | No.  2:13-cv-0572 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On May 16, 2011, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act").  (Transcript ("Tr.") at 14, 72.)  On May 19, 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act.  (Id. at 14, 73.)  Both applications alleged disability beginning on December 1, 2006.  (Id.

/////

at 14.) Plaintiff's applications were denied initially, (id. at 88-92), and upon reconsideration. (Id. at 98-102.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on September 5, 2012. (Id. at 28-59.) Plaintiff was represented by "a non-attorney representative," (id. at 14), and testified at that administrative hearing. (Id. at 29.) In a decision issued on October 19, 2012, the ALJ found that plaintiff was not disabled. (Id. at 23.)

The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since December 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: substance abuse in early remission and degenerative disc disease of the lumbar spine with sciatic on the left lower extremity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he could stand and/or walk for 4 hours in an 8-hour workday, with normal breaks; he could sit for 6 hours in an 8-hour workday, with normal breaks; he could occasionally perform postural activities; and he is unable to climb ladders, ropes, and scaffolds.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on September 3, 1973 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-

>41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 16-22.)

On February 8, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 24, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ improperly failed to find plaintiff's mental impairment severe at step two of the sequential evaluation; (2) the ALJ improperly rejected plaintiff's testimony concerning his subjective symptoms; and (3) the ALJ's treatment of the medical opinion evidence constituted error.[1] (Pl.'s MSJ (Dkt. No. 16) at 6-13.[2])

**I.     Step Two**

Plaintiff argues that the ALJ improperly evaluated plaintiff's mental impairment at step two of the sequential evaluation process by finding that the impairment in question was not severe. (Pl.'s MSJ (Dkt. No. 16) at 9-10.)

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273,

---

[1] The court has reordered plaintiff's claims for purposes of clarity and efficiency.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28). See also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290). See also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

/////

Here, with respect to plaintiff's "psychiatric impairments" the ALJ found that "the lack of any continuing mental health care" showed that plaintiff's impairments "did not last for the 12 continuous months necessary to establish a severe, disabling impairment." (Tr. at 17.) Moreover, the ALJ found that even if plaintiff's impairment met the durational requirement there was "little evidence" showing that the impairment caused "any more than minimal functional limitations." (Id.)

Plaintiff argues that "[l]ack of continuing medical treatment does not logically prove a medical condition did not continue . . . ." (Pl.'s MSJ (Dkt. No. 16) at 9.) Nonetheless, "[a]t step two of the analysis, the claimant has the burden of producing medical evidence of signs, symptoms, and laboratory findings supporting the conclusion that his or her impairment is severe and can be expected to last more than twelve months." Chavez v. Colvin, No. 1:12-cv-0657 LJO SMS, 2013 WL 5493371, at *11 (E.D. Cal. Oct. 2, 2013) (citing Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005). See, e.g., Ruiz v. Colvin, No. EDCV 13-1623, 2014 WL 1654026, at *3 (C.D. Cal. Apr. 25, 2014) (same); Haddix v. Colvin, No. 2:12-cv-0829 AC, 2014 WL 128035, at *3 (E.D. Ca. Jan. 10, 2014) (same). Here, plaintiff has not met that burden.

Moreover, plaintiff's argument fails to rebut the ALJ's findings that plaintiff had not attended "any dedicated mental health care" for a sustained period, that he "only sought a physical disability rating from the Department of Veteran Affairs" and that the progress notes from his few psychotherapy visits did "not show any complaints of limited activities of daily living." (Tr. at 17-18.) In this regard, it appears from the record before the court that, at least during some of the relevant period of time, plaintiff was working in the National Guard and attending school. (Id. 32, 43.)

Under these circumstances the court cannot find that plaintiff has met his burden of producing medical evidence of signs, symptoms, and laboratory findings supporting the conclusion that his mental impairment was severe. Accordingly, the court finds that plaintiff is not entitled to relief with respect to this claim.

/////

//////

6

1  II.     **Plaintiff's Subjective Testimony**

2  Plaintiff also argues that the ALJ erred by rejecting plaintiff's testimony concerning the severity of his impairments. (Pl.'s MSJ (Dkt. No. 16) at 10-12.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

1          Here, the ALJ found that plaintiff's medically determinable impairments could reasonably
2  be expected to cause the symptoms alleged, but that plaintiff's statements concerning the
3  intensity, persistence and limiting effects of those symptoms were not credible to the extent they
4  were inconsistent with the ALJ's residual functional capacity assessment for several reasons. (Tr.
5  at 19.)

6          In this regard, the ALJ noted that "the medical evidence" suggested that plaintiff's pain
7  was not as functionally limiting as he alleged, in light of the "few significant findings" on
8  physical examination, the "few neurological deficits . . . a gait ranging from normal to minimally
9  antalgic," and in light of the decision of plaintiff's chiropractor to treat plaintiff conservatively,
10 "despite the claimant's request for more aggressive treatment." (Id.) The ALJ also noted that
11 plaintiff's care had been "conservatively limited to the use of pain medications in addition to
12 physical therapy and chiropractic care," and that plaintiff had "been offered surgical treatment,"
13 but the record documented "no follow through." (Id.)

14         "[A]fter a claimant produces objective medical evidence of an underlying impairment, an
15 ALJ may not reject a claimant's subjective complaints based *solely* on a lack of medical evidence
16 to fully corroborate the alleged severity . . . ." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir.
17 2005) (emphasis added). Nonetheless, lack of medical evidence is a relevant factor for the ALJ to
18 consider in his credibility analysis. (Id. at 681.) Moreover, a conservative course of treatment
19 may discredit a claimant's allegations of disabling symptoms. See Parra v. Astrue, 481 F.3d 742,
20 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Meanel v. Apfel, 172 F.3d 1111, 1114
21 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly
22 excruciating pain" was adequate reason to reject claimant's pain testimony).

23         Another reason offered by the ALJ for rejecting plaintiff's testimony was that plaintiff's
24 "own admitted activities show[ed] that he [was] quite functional." (Tr. at 19.) Specifically, the
25 ALJ noted that plaintiff continued to attend church, socialize with friends, do his own shopping,
26 some housework and work one weekend per month in the National Guard. (Id.)

27         While a plaintiff need not be "utterly incapacitated to be eligible for benefits," Fair v.
28 Bowen, 885 F.2d 597, 603 (9th Cir. 1989), the ALJ may consider the plaintiff's daily activities as

a factor in evaluating the plaintiff's subjective complaints. See Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (including effectiveness of medication, treatment other than medication, the claimant's daily activities, and ordinary techniques of credibility evaluation among the factors that may be considered by an ALJ in assessing the credibility of allegedly disabling subjective symptoms); 20 C.F.R. § 404.1529(a) ("We will consider all of your statements about your symptoms, such as pain, and any description you . . . may provide about how the symptoms affect your activities of daily living and your ability to work.").

The ALJ also rejected plaintiff's testimony because it was inconsistent with the "medical opinions that show that he has considerable work-related abilities despite his impairments." (Tr. at 19.) The ALJ noted that an examining physician found that plaintiff was capable of standing and walking for six hours, sitting for six hours and carrying fifty pounds occasionally, and that plaintiff's treating physician opined that plaintiff could lift ten pounds frequently and work an eight-hour workday five days per week. (Id. at 19-20.) Such considerations are legally permissible. See Burch, 400 F.3d at 680-81 (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Batson v. Commissioner, 359 F.3d 1190, 1196-97 (9th Cir. 2004) (ALJ's credibility determinations affirmed where ALJ relied on opinions of consulting doctors and claimant's testimony was unsupported by either objective medical evidence or any persuasive reports from treating doctors).

The final reason offered by the ALJ for rejecting plaintiff's testimony was that on January 4, 2007, the Department of Veterans Affairs rated plaintiff as only ten percent disabled. (Tr. at 20.) That rating was increased on December 12, 2011, but only to twenty percent disabled.[3] (Id.) "Even though it is not binding or conclusive, the VA disability rating has to be considered." McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011). See also McCartey v. Massanari, 298 F.3d

/////

---

[3] VA regulations provide that a veteran usually must meet certain rating criteria in order to be awarded individual unemployability. 38 C.F.R. § 4.16(a) (stating, in relevant part, that "if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more").

1072, 1076 (9th Cir. 2002) ("an ALJ must ordinarily give great weight to a VA determination of disability").

For the reasons stated above, the court finds that the ALJ offered specific, clear and convincing reasons for rejecting plaintiff's testimony. Accordingly, the court finds that plaintiff is also not entitled to relief with respect to this claim.

### III. Medical Opinion Evidence

Plaintiff next argues that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (Dkt. No. 16) at 6-9.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). Greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).

1    Here, the ALJ asserted that the opinions of plaintiff's treating physician, an examining
2 physician, and two nonexamining physicians were "generally given significant weight" because
3 they were "consistent with the discussed treatment evidence . . . ." (Tr. at 20.) However, it was
4 the opinion of plaintiff's treating physician, Dr. Zoriada Soriano, that plaintiff could only
5 walk/stand for a total of one to two hours and sit for a total of two to four hours. (Id. at 578-79.)
6 Despite purporting to give treating physician Dr. Soriano's opinion significant weight, the ALJ
7 determined that plaintiff had the residual functional capacity to walk/stand for four hours and sit
8 for six hours. (Id. at 18.) To the extent the ALJ rejected those limitations indicated by Dr.
9 Soriano's opinion, the ALJ failed to offer any reasons, let alone specific and legitimate reasons,
10 for doing so.

11   Moreover, although Dr. Soriano's opinion was purportedly "generally given significant
12 weight" by the ALJ, the ALJ expressly rejected "Dr. Soriano's opinion that the claimant requires
13 rest periods during the day" asserting that Dr. Soriano provided no basis for that limitation and
14 that it was inconsistent with her later statement that plaintiff could work fulltime. (Id. at 20.)
15 However, the court notes that Dr. Soriano's opinion is found on a short, largely check the box/fill
16 in the blank, form which simply asks for a checkmark if the claimant requires any rest periods.
17 There is no follow up question asking the doctor to support that opinion regarding the patient's
18 limitation. (Id. at 579.) Moreover, where the form did ask Dr. Soriano to support her
19 assessments she provided essentially the same answer, i.e., that plaintiff suffers from chronic
20 lower back pain and damage to his left "sided disc."[4] (Id.) In this regard, it is not legitimate to
21 reject part of an opinion for being unsupported and inconsistent but adopt another part of that
22 opinion when the entire opinion relies on the same support and there was no opportunity for the
23 physician to explain what the ALJ perceived as an inconsistency.

24   An ALJ may not simply pick and choose from a medical opinion, using only those
25 portions favorable to a finding of nondisability without providing specific and legitimate reasons
26 for doing so that are supported by substantial evidence. See Robinson v. Barnhart, 366 F.3d

---

[4] The clinical term written by Dr. Soriano to describe plaintiff's condition on the form is illegible.

11

1078, 1083 (10th Cir. 2004) (ALJ not entitled to "pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability"); Loza v. Apfel, 219 F.3d 378, 393-94 (5th Cir. 2000) (ALJ "cannot 'pick and choose' only the evidence that supports his position"); Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (ALJ may reject portion of opinion by providing "specific and legitimate reasons based on substantial evidence in the record"); Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) ("the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper"); Fiorello v. Heckler, 725 F.2d 174, 176 (2d Cir. 1983) (while the ALJ is not obligated to "reconcile explicitly every conflicting shred of medical testimony," she cannot simply selectively choose evidence in the record that supports her conclusions); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence").

Here, the ALJ did not provide specific or legitimate reasons for declining to adopt portions of Dr. Soriano's opinion. Accordingly, the court finds that the ALJ's treatment of the medical opinion evidence constituted legal error. Plaintiff is, therefore, entitled to summary judgment in his favor as to this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (abuse of discretion for district court to remand for further proceedings where credit-as-true rule is satisfied and record afforded no reason to believe plaintiff was not disabled); Benecke, 379 F.3d at 596 ("Because the evidence establishes that Benecke would be unable to maintain employment while managing her pain and fatigue, remand for further administrative proceedings serves no useful purpose and is unwarranted."). However, where there are outstanding issues that must be resolved before a determination can be made, or it
/////

is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Benecke, 379 F.3d at 594.

Here, there are outstanding issues that must be resolved and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated. Accordingly, the court finds that this matter should be remanded for further proceedings so that the ALJ can properly consider Dr. Soriano's opinion, provide specific and legitimate reasons supported by substantial evidence in the record for any portion of Dr. Soriano's opinion that the ALJ rejects, and determine whether plaintiff was disabled.

Thus, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 16) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 17) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: September 29, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\power0572.ord.docx